**James David OFELDT, Petitioner–Appellant,**

v.

**NEVADA DEPARTMENT OF CORRECTIONS, Director; Nevada Attorney General, Respondents–Appellees.**

No. 14–15911.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2015.*

Filed May 15, 2015.

Jeffrey S. Blanck, Jeffrey S. Blanck, Attorney at Law, Reno, NV, for Petitioner–Appellant.

Daniel M. Roche, Catherine Cortez–Masto, Daniel M. Roche, Nevada Attorney General's Office, Carson City, NV, for Respondents–Appellees.

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Nevada state prisoner James Ofeldt appeals the district court's dismissal of his untimely 28 U.S.C. § 2254 habeas petition. Ofeldt argues that he was entitled to equi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tably toll the time mandated to file his appeal, because he suffered from a severe mental impairment. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's decision.

The dismissal of a habeas petition as time-barred is reviewed de novo. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir.2010). "A petitioner seeking equitable tolling bears the burden of showing both that there were extraordinary circumstances, and that the extraordinary circumstances were the *cause* of his untimeliness." *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir.2010) (internal quotation marks omitted). Ofeldt failed to meet this burden.

First, Ofeldt failed to present medical evidence establishing that he suffered from a severe mental impairment during the relevant period of time. Additionally, Ofeldt's frequent filings in state court belie his assertions that he was unaware of, and unable to, pursue post-conviction relief. Between 2005 and the filing of Ofeldt's federal habeas petition in 2010, Ofeldt filed over fifty-five different pro se documents including documents seeking habeas relief. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir.2005) (concluding that "[b]ecause Gaston was capable of preparing and filing state court petitions [during the limitations period], it appear[ed] that he was capable of preparing and filing a [federal] petition during the [same time]" (alteration omitted)). Thus, Ofeldt failed to plead specific facts demonstrating he suffered from a mental illness "so severe that ... [he was] unable rationally or factually to personally understand the need to timely file." *Bills*, 628 F.3d at 1100.

Secondly, Ofeldt failed to plead facts demonstrating that his mental illness "made it impossible under the totality of the circumstances to meet the filing deadline despite [his] diligence." *Id.* at 1093. Ofeldt argued his mental illness caused his delay. However, the record indicates Ofeldt untimely filed his petition because he was not aware of some claims he could pursue in post-conviction relief. This lack of awareness does not entitle Ofeldt to equitable tolling. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir.2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.").

**AFFIRMED.**